UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

PHOTO EXCHANGE BBS, INC. d/b/a
SouthernCharms.com, et al.,

    Plaintiffs,

v.

JONATHON D. SHELINE, et al.,

    Defendants.

Case No. 2:10-cv-566
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge E.A. Preston Deavers

## OPINION AND ORDER

This matter is presently before the Court on Plaintiffs' Motion for Reconsideration of Ruling on Motion for Default Judgment and Motion to Show Cause. (Doc. No. 35.) For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' motion.

### I. BACKGROUND

This case involves the operation of adult-themed websites. Plaintiffs Photo Exchange BBS, Inc., William Wesson, Laura Wesson, Richard Atkinson, and Judy Atkinson ("Plaintiffs") filed claims against Jonathan Sheline and Jenny Sheline ("Shelines") and several unnamed defendants for, *inter alia*, defamation, tortious interference with contract and business relationships, and copyright infringement.

The Shelines initially defaulted, but, by Opinion and Order dated August 26, 2011, the Court granted relief from the entry of default. However, the Shelines again failed to defend this matter, and their default was entered by the Clerk for a second time on November 3, 2011. Plaintiffs then moved for a default judgment seeking nearly $16,000,000.00 in damages.

On November 17, 2011, the Court denied Plaintiffs' request for a monetary judgment

against the Shelines, explaining:

> As this case involves multiple defendants, an entry of judgment against the Shelines is not appropriate at this time. *See, e.g., Frow v. De La Vega*, 82 U.S. 552 (1872); *Kimberly v. Coastline Coal Corp.*, No. 87-6199, 1988 WL 93305, at *3 (6th Cir. Sept. 9, 1988) (per curiam) ("When a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants."). The Court therefore denies without prejudice Plaintiffs' request for a monetary judgment against the Shelines. At such time as the merits of this action are finally resolved, Plaintiffs may refile their motion.
>
> Plaintiffs, however, have also moved the Court to compel the Shelines to produce the names and contact information of the John and Jane Doe Defendants named in the complaint. The Court grants this aspect of Plaintiffs' Motion for Default Judgment. Accordingly, the Shelines are ordered to immediately disclose to Plaintiffs the names and contact information of the John and Jane Doe Defendants in the Shelines' possession.

(Doc. No. 32 at 1-2.)

Since that order was issued, Plaintiffs have voluntarily dismissed their claims against the John and Jane Doe Defendants. (Doc. No. 34.) Plaintiffs have now moved for reconsideration of the Court's order granting in part and denying in part their motion for default judgment. Plaintiffs also request that the Court "require the Sheline Defendants to show cause why they should not be sanctioned for their willful failure to fully comply with the Court's November 17, 2011 Order [requiring them to produce the contact information of the John and Jane Doe defendants]." (Doc. No. 35 at 4-5.)

## II. ANALYSIS

### A. Reconsideration of Denial of Motion for Default Judgment

This Court previously denied Plaintiffs' motion for default judgment based on the fact

2

that there were multiple defendants in this action. Now, however, Plaintiffs have dismissed from this action all defendants except the Shelines, against whom Defendants move.

Rule 55(b)(1) of the Federal Rules of Civil Procedure provides that after entry of default, if the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk must enter default judgment. In the instant action, Plaintiffs submitted affidavit testimony showing that they are entitled to damages in the amount of $7,144,595.25. This amount is for: Count 5 - $10,000.00[1]; Counts 9, 10, 11, 13, 14 - $6,878,295.25; Count 12 - $200,000.00; and attorney fees - $56,300.00.

## B. Discovery Sanctions

Plaintiffs ask that sanctions be imposed upon the Shelines for their bad faith conduct and/or their failure to comply with this Court's discovery order. Rule 37(b) of the Federal Rules of Civil Procedure provides that a court may make such orders "as are just" when a party fails to obey an order to provide discovery. Fed. R. Civ. P. 37(b). The imposition of sanctions, or the type of sanctions imposed, is within the sound discretion of the court based on the facts of each particular case. *See National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976); *Regional Refuse Sys. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988). Here, the Court is not inclined to impose any further sanctions on the Shelines.

## III. CONCLUSION

For the reasons set forth above, the Court **DENIES IN PART AND GRANTS IN PART** Plaintiffs' Motion for Reconsideration of Ruling on Motion for Default Judgment and Motion to

---

[1] These damages are to be split between all three of the individual plaintiffs impacted by this claim.

3

Show Cause. (Doc. No. 35.) Specifically, the Court **DENIES** Plaintiffs' request for an order to show cause and **GRANTS** Plaintiffs' request for reconsideration of their previous motion for default judgment. The Court hereby **GRANTS** Plaintiffs' motion for default judgment and **ENTERS JUDGMENT** against the Shelines for $7,144,595.25.

**IT IS SO ORDERED.**

5-7-2012
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**